

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2008

# Bricker v. Stowitzky

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bricker v. Stowitzky" (2008). *2008 Decisions*. Paper 660.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/660

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3505
_____

RONALD L. BRICKER,

Appellant

v.

PAUL J. STOWITZKY; FRED J. RUFFO; DEBRA K. SAUERS;
RHONDA OSOKO; JAMES STILES; DONNA BONNER; EDWARD P. PAVLICK;
JACQUELINE S. MARQUARDT; OFFICER HARVEY; MS. JANET KIMMELL;
DEPUTY NEISWONGER; JEFFREY A. BEARD; MR. MARTIN;
WILLIAM STICKMAN; GEORGE MESAROS; MR. COLEMAN,
All Defendants herein, "In their individually and in their Official Capacities"
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-01704)
District Judge: Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2008
Before: MCKEE, SMITH and CHAGARES, Circuit Judges

(Opinion filed: August 13, 2008)
_____

OPINION
_____

PER CURIAM

Ronald L. Bricker, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order granting the appellees' motion to dismiss and denying as moot his motion for a preliminary injunction. For the following reasons, we will affirm.

Bricker is presently incarcerated at the State Correctional Institute at Mercer, Pennsylvania ("SCI-Mercer"). In December 2006, Bricker commenced a civil rights action under 42 U.S.C. § 1983 against several employees of the Pennsylvania Department of Corrections (the "Commonwealth Defendants"), alleging that corrections officers at SCI-Mercer had violated his constitutional rights in various ways. Bricker subsequently filed a motion for preliminary injunction to enjoin the Commonwealth Defendants from their allegedly unconstitutional conduct.

On April 26, 2007, the Commonwealth Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint on the ground that Bricker had failed to exhaust his administrative remedies before filing suit. The matter was referred to Magistrate Judge Lisa Pupo Lenihan, who agreed that Bricker had failed to properly exhaust. By order entered August 6, 2007, the District Court adopted the Magistrate Judge's report, granted the Commonwealth Defendants' motion to dismiss and, in light of its order dismissing the case, denied Bricker's motion for a preliminary injunction as moot. The present appeal followed.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We will affirm the District Court's order. As an initial matter, we note that, in his brief, Bricker does not raise any objections whatsoever to the District Court's order below; in fact, his complaints on appeal appear to be almost entirely unrelated to the present § 1983 action. Instead, Bricker seems to be challenging the denial of a state-court petition for habeas corpus in which he apparently argued that his criminal conviction was invalid because the Pennsylvania Constitution of 1968 does not contain a crimes code. Because that habeas petition is not at issue in this suit, we cannot consider this argument.

In any event, to the extent that Bricker's brief can be construed as challenging the disposition of his § 1983 action, we find that the District Court's dismissal was proper. As noted above, the District Court dismissed Bricker's civil rights complaint on the ground that he had failed to exhaust his administrative remedies prior to bringing suit; according to the District Court, Bricker failed to exhaust all but one of his claims, and procedurally defaulted the one claim that he did attempt to exhaust. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001); Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007).

The record reflects that Bricker filed only one grievance during his incarceration at SCI-Mercer, grievance No. MER-123974-05, in which he complained that Corrections Officer Harvey was not enforcing institutional rules regarding the use of headsets with personal televisions. Even though Bricker did attempt to exhaust this claim, it appears that the grievance was rejected at the third stage of the review process for failure to

3

include copies of the grievance record, as required by DC-ADM 804 Part VI.D.1.g. Because Bricker thus failed to follow the procedural requirements of the grievance system, the District Court concluded that Bricker had procedurally defaulted this claim. See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

Upon review of the administrative record, we agree with the District Court that Bricker failed to exhaust all but one of his claims, and thus conclude that the District Court's dismissal of those claims was proper. With respect to the claim that Bricker did attempt to exhaust—namely, that Officer Harvey was not enforcing institutional rules regarding the use of headsets with personal televisions—it is at least arguable that the District Court should have considered excusing the procedural default because, according to Bricker, the prison librarian precluded him from making photocopies without a court order. See, e.g., Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (finding that prisoner may be able to prove that he exhausted his "available" administrative remedies where prisoner's failure to file a timely grievance was due to prison officials' obstruction). We need not resolve this question, however, because the underlying claim does not allege a cognizable constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")

Accordingly, for the foregoing reasons, we will affirm.

4